UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW McCLANE,<br><br>    Plaintiff,<br><br>  v.<br><br>G. CASAS, et al.,<br><br>    Defendants. | CASE No. 1:17-cv-0928-LJO-MJS (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS**<br><br>**(ECF NO. 1)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint is before the Court for screening.

**I.   Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights,

1

privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

At all relevant times Plaintiff was an inmate housed at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. He names as Defendants Correctional Officer ("CO") G. Casas, CO A. Carillo, CO A. Ramirez, CO E. Wilson, Lt. C Frazier, and Warden S. Sherman.

Plaintiff's allegations can be fairly summarized as follows:

On January 16, 2016, Plaintiff was moved to a cell with inmate Lagarde, a gang member. This cell move was conducted by CO Casas despite knowledge of Lagarde's past violence towards cell mates and his prison gang affiliation. For safety reasons,

such an inmate was supposed to be double-celled only with inmate of the same-gang. Plaintiff is a gang member dropout.

The next day, after Plaintiff learned that Lagarde was a gang member, Plaintiff asked CO Carrillo for a cell move. CO Carillo told Plaintiff he could not have a cell move for 6 months for any reason. Plaintiff then asked CO Ramirez for a cell move; Ramirez responded that he did not do cell moves. Finally, Plaintiff asked CO Wilson to be moved, but was denied again.

On January 27, 2016, inmate Lagarde severely assaulted Plaintiff.

Plaintiff filed an inmate grievance regarding the incident and was interviewed by Lt. Frazier. Frazier's report suggests he asked Plaintiff a number of questions, but really he asked only two: whether Plaintiff talked with a supervisor regarding his issue and whether he completed a CDCR 22 form for a bed move. Lt. Frazier falsified the interview.

Each of the Defendants was aware of inmate Lagarde's recent violence against cell mates and his gang affiliation. They nonetheless placed or retained Plaintiff in the cell despite Plaintiff's requests for a move.

Plaintiff brings suit for a violation of his Eighth Amendment rights as well as state law claims for negligence and intentional infliction of emotional distress. He seeks compensatory and punitive damages as well as injunctive relief.

**IV. Analysis**

    **A. Linkage and Supervisory Liability**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each Defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Plaintiff seeks to impose liability against Warden Sherman on account of his supervisory role. Government officials, however, may not be held liable for the actions of their subordinates under a theory of respondeat superior. Monell, 436 U.S. at 691. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Defendant Sherman cannot be held liable for being generally deficient in his supervisory duties.

### B. Eleventh Amendment Immunity

Plaintiff is suing the Defendants in their official and individual capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991). Thus, to the extent Plaintiff seeks damages against any of the Defendants in their official capacity, he is barred by the Eleventh Amendment.

### C. Eighth Amendment Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465

4

F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 833–34 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. The prison official need not "believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before [he] is obligated to take steps to prevent such an assault." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). However, before being required to act the prison official must have more than a "mere suspicion" that an attack will occur. See id.

The obviousness of the risk may be sufficient to establish knowledge. See Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir.1995). Thus, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842. "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm." Williams v. Wood, 223 Fed. Appx. 670, 671, 2007 WL 654223, at *1 (9th Cir. 2007).

To establish an Eighth Amendment constitutional violation stemming from a failure to protect, two requirements must be met. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, 'sufficiently serious,'" that is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, "a prison official must have a 'sufficiently culpable state of mind,'" which is "'deliberate indifference' to inmate

5

health or safety." Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 297, 302-03). The officer must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. In other words, an Eighth Amendment failure to protect claim has both an objective component and a subjective component.

In at least some contexts, a general fear of harm based on status may give rise to a duty to protect an inmate. While some circuits have concluded that, "a deliberate indifference claim cannot be predicated merely on knowledge of general risk of violence in prison," Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000) (citing James v. Milwaukee Cnty., 956 F.2d 696, 701 (7th Cir. 1992), others, including the Ninth Circuit, have held that a serious danger may be present when a prisoner has a special attribute which should put prison officials on alert, such as having been an informer or being placed in protective custody. See Berg v. Kincheloe, 794 F.2d 457 (9th Cir. 1986) (unrefuted allegations that a plaintiff was in protective custody because his life was in danger and that he warned a guard of the danger were sufficient to survive a motion for summary judgment); Gullatte v. Potts, 654 F.2d 1007 (5th Cir. 1981) (a prison official who is aware that "snitches" are subject to danger in the general population may have a duty to protect a snitch).

In this case, Plaintiff alleges that he was housed and/or retained with inmate Lagarde despite CO Casas, CO Carillo, CO Ramirez, and CO Wilson's knowledge of (1) Lagarde's history of cell mate violence, (2) his gang affiliation, and (3) Plaintiff's status as a gang member dropout. Each of these allegations, standing alone, suggests an excessive risk of serious harm to Plaintiff's health or safety. The Defendants' failure to alleviate that risk is sufficient to show deliberate indifference. Plaintiff has thus adequately stated an Eighth Amendment failure to protect claim against these four Defendants.

### D. Inmate Appeal Process

Plaintiff next brings suit against Lt. Frazier for falsifying information during the inmate grievance process. But Defendant's action in responding to Plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10. Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495.

### E. California State Tort Claims

If pursuit of his state law claims for negligence and intentional infliction of emotional distress, Plaintiff must show compliance with California's Tort Claims Act.

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("the Board"), formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950–950.2 (West 2009). Presentation of a written claim and action on or rejection of the claim are conditions precedent to suit. State v. Super. Ct. of Kings Cty. (Bodde), 90 P.3d 116, 124 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Super. Ct., 90 P.3d at 124; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). An action

must be commenced within six months after the claim is acted upon or is deemed to be rejected. Cal. Govt. Code § 945.6; Moore v. Twomey, 16 Cal. Rptr. 3d 163 (Cal. Ct. App. 2004).

Plaintiff's pleading does not allege compliance with California's Tort Claims Act. Accordingly, his negligence and intentional infliction of emotional distress claims must be dismissed. Leave to amend will however be granted should Plaintiff be able to properly allege compliance.

## V.     Conclusion

Plaintiff's Complaint alleges a cognizable Eighth Amendment failure to protect claim against CO Casas, CO Carillo, CO Ramirez, and CO Wilson. All other claims and Defendants must be dismissed.

The Court will grant Plaintiff an opportunity to file an amended complaint to cure noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the claim found to be cognizable, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The other Defendants and claims will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's

constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claims found to be cognizable in this order; and
3. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated: October 14, 2017        /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE