UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MATTHEW MCCLANE, | CASE NO. 1:17-cv-00928-LJO-MJS (PC) |
|---|---|
| Plaintiff, | **FINDING AND RECOMMENDATIONS (1) FOR SERVICE OF COGNIZABLE FIRST AMENDMENT CLAIMS AGAINST DEFENDANTS CASAS, CARILLO, RAMIREZ, WILSON, AND FRAZIER, AND (2) TO DISMISS ALL OTHER CLAIMS AND DEFENDANTS** |
| v. | |
| G. CASAS., et al., | |
| Defendants. | (ECF No. 9) |
| | **FOURTEEN DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On October 16, 2017, this Court screened Plaintiff's complaint and found it states cognizable Eighth Amendment failure to protect claims against CO Casas, CO Carillo, CO Ramirez, and CO Wilson, but no other cognizable claims. (ECF No. 8.) Plaintiff was given leave to amend. (Id.) Plaintiff filed a first amended complaint which is before the Court for screening. (ECF No. 9.)

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

2

2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.     Plaintiff's Allegations

Plaintiff is incarcerated at California Substance Abuse Treatment Facility. He complains of events that occurred there. Plaintiff names as Defendants (1) G. Casas, Correction Officer, (2) A. Carrillo, Correctional Officer, (3) A. Ramirez, Correctional Officer, (4) E. Wilson, Correctional Officer, (5) C. Frazier, Lieutenant, and (6) S. Sherman, Warden

Plaintiff's allegations can be fairly summarized as follows:

On January 15, 2016, Plaintiff, gang member dropout, asked Defendant Casas for a cell move because he was having problems with his cell mate, inmate Lagarde, a gang member. Defendant Casas failed to act on Plaintiff's request despite knowing that Plaintiff was left exposed to serious harm.

Plaintiff also asked Defendant Carrillo for a move. CO Carillo denied the request, stating that Plaintiff could not move for six months. Plaintiff then asked Defendant Ramirez who responded that he did not do cell moves. Finally, Plaintiff asked Defendant and was again denied. Plaintiff told Defendant Wilson he was in danger.

On January 27, 2016, inmate Lagarde severely assaulted Plaintiff. Plaintiff was airlifted and nearly died.

Defendant Frazier approved placing Lagarde in Plaintiff's cell despite knowing from information in the prison database that doing so would place Plaintiff in danger. After the assault Plaintiff filed a grievance and was interviewed by Lt. Frazier.

3

Defendant Sherman, as Warden, knew that Plaintiff was in danger and did nothing to prevent it.

Plaintiff brings claims under the Eighth Amendment. Plaintiff seeks compensatory and punitive damages and injunctive relief.

**IV.    Analysis**

    **A.    Official Capacity**

Plaintiff brings claims against Defendants in their individual and official capacities.

The Eleventh Amendment bars federal suits for violations of federal law against state officials sued in their official capacities for damages and other retroactive relief. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). However, the Eleventh Amendment does not bar actions for declaratory or injunctive relief. S. Pac. Transp. Co. v. City of L.A., 922 F.2d 498, 508 (9th Cir. 1990). State officers may be sued in their official capacities for prospective relief based on an ongoing violation of Plaintiff's federal constitutional or statutory rights. Will, 491 U.S. 71, n. 10; Ex Parte Young, 209 U.S. 123, 159-60 (1908); Central Reserve Life of North America Ins. Co., 852 F.2d 1158, 1161 (9th Cir. 1988); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). In addition to being limited to prospective relief, a plaintiff pursuing defendants in their official capacities must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). That is, the plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992).

Plaintiff here has failed to allege facts demonstrating that Defendants helped promulgate or ratified any policy or practice that allegedly violated Plaintiff's rights. Plaintiff does not identify any policy that lead to deprivation of his rights. To the contrary,

it appears he contends that it was the failure to follow institutional policies and regulations that led to the deprivation of his rights. These facts do not support an official capacity claim. Accordingly, Plaintiff cannot proceed against Defendants in their official capacities. Plaintiff was previously advised of these issues and failed to cure them defects. Further leave to amend in relation to these claims appears futile.

### B. Linkage and Supervisory Liability

Under section 1983, the Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. A person deprives another of a constitutional right under section 1983, if "he *causes* the deprivation." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant." Leer v. Murphy, 844 F.2d 628, 633, 1988 (9th Cir. 1988).

Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Supervisors must directly be involved in the training, supervision, or control of subordinates involved in the claim, acquiesce in the constitutional deprivations of which the complaint is made, or engage in conduct that shows a reckless or callous indifference to the rights of others. Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007).

Plaintiff fails to allege a cognizable claim against Warden Sherman. Plaintiff's allegation that Defendant Sherman knew that Plaintiff would be assaulted is unsupported by any claimed fact. It appears to be based upon pure speculation, perhaps an assumption that Sherman would know simply because of his position as warden. Plaintiff cannot impose liability on Defendant Sherman merely because of his supervisory position. Accordingly this claim is not cognizable and should be dismissed.

5

## C. Failure to Protect

Plaintiff brings claims against Defendants in their individual capacities under the Eighth Amendment for failing to protect him from inmate Lagarde.

Prison officials have a duty to protect prisoners from violence. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). To establish a violation of this duty, the prisoner must show first, that he was incarcerated under conditions posing a substantial risk of serious harm; and second, that a prison official knew of and was deliberately indifferent to this risk. Id. at 834. Deliberate indifference requires that prison officials both are "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference." Id. at 837; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

In at least some contexts, a general fear of harm based on status may give rise to a duty to protect an inmate. While some circuits have concluded that, "a deliberate indifference claim cannot be predicated merely on knowledge of general risk of violence in prison," Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000) (citing James v. Milwaukee Cnty., 956 F.2d 696, 701 (7th Cir. 1992), others, including the Ninth Circuit, have held that a serious danger may be present when a prisoner has a special attribute which should put prison officials on alert, such as having been an informer or being placed in protective custody. See Berg v. Kincheloe, 794 F.2d 457 (9th Cir. 1986) (unrefuted allegations that a plaintiff was in protective custody because his life was in danger and that he warned a guard of the danger were sufficient to survive a motion for summary judgment); Gullatte v. Potts, 654 F.2d 1007 (5th Cir. 1981) (a prison official who is aware that "snitches" are subject to danger in the general population may have a duty to protect a snitch).

Plaintiff had previously alleged, and continues to allege, cognizable claims under the Eighth Amendment for a failure to protect against Defendants Casas, Carillo,

Ramirez, and Wilson. Plaintiff alleges that each had knowledge of the danger that Plaintiff, a former gang member, faced when housed with an active gang member. Those claims remain cognizable as pled in Plaintiff's amended complaint.

Plaintiff, in his amended complaint, also alleges a cognizable claim against Defendant Lieutenant Frazier. Plaintiff alleges that Defendant Frazier approved the initial bed move that placed Lagarde into Plaintiff's cell and that the information that Plaintiff was a former gang member and Lagarde a current gang member were in the computer database. These allegations are sufficient, at the pleading stage, to allege that Defendant Frazier was deliberately indifferent to a serious risk to Plaintiff and thus to allege a cognizable claim.

### D. Prison Regulations

Although it is unclear if Plaintiff is seeking to bring an action under these regulations, Plaintiff raises several prison regulations in his amended complaint: Cal. Code Regs. tit. 15, §§ 3269, 3270, 3271, 3335.

Plaintiff cannot bring claims under these regulations. Mere violation of state regulations is insufficient to establish a constitutional violation. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal constitutional violation."). Moreover, "[t]he existence of regulations . . . governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations." Vasquez v. Tate, No. 1:10–cv–1876–JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012). The Court is unaware of any authority that holds there exists a private right of action available to Plaintiff for violation of Title 15 regulations; ample district court decisions hold to the contrary. E.g., id.; Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012); Meredith v. Overley, No. 1:12-cv-00455-MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB

DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009). Claims based solely on violation of state regulations should be dismissed without further leave to amend.

**V.      Conclusion and Order**

Plaintiff's first amended complaint states cognizable Eighth Amendment failure to protect claims against Defendants Casas, Carillo, Ramirez, Wilson, and Frazier, but no other cognizable claims. Further leave to amend in regards to those claims appears to be futile and should be denied.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff proceed on his Eighth Amendment failure to protect claims against Defendants Casas, Carillo, Ramirez, Wilson, and Frazier; and

2. All other claims asserted in the first amended complaint and all other defendants be DISMISSED with prejudice.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 3, 2018          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

8