UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MCCLANE,<br><br>Plaintiff,<br><br>v.<br><br>G. CASAS, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-00928-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>(Doc No. 20.)<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS |

Matthew McClane ("plaintiff") is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. On June 20, 2018, defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff had failed to exhaust available administrative remedies. (Doc. No. 20.) On July 23, defendants filed a reply, pointing out that plaintiff failed to timely oppose defendants' motion to dismiss and arguing that the motion should be deemed submitted unopposed under Local Rule 230(l). (Doc. No. 22.) On July 26, 2018, plaintiff filed a late opposition to defendants' motion to dismiss, over two weeks after the deadline to do so had passed. (Doc. No. 23.) Given plaintiff's pro se status, the court will consider plaintiff's late opposition and decide defendants' motion on the merits.

Defendants argue that the court should dismiss plaintiff's first amended complaint because it is apparent on the face of the complaint that he failed to exhaust his administrative remedies as

1

required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). Exhaustion of administrative remedies is an affirmative defense that defendants must plead and prove. *See Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Plaintiffs are not required to plead the "subject of an anticipated affirmative defense" in their complaint. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). However, a defendant may raise a defense by motion to dismiss when an affirmative defense is obvious on the face of a complaint. *Id.*; *accord Albino*, 747 F.3d at 1169 (providing that granting a motion to dismiss would be appropriate in those "*rare cases* where a failure to exhaust is clear from the face of the complaint" (emphasis added)).

First, defendants seek to establish that there was an administrative grievance process at the prison and that plaintiff was aware of it. Defendants point to the form that plaintiff used to draft his first amended complaint as evidence that "[p]laintiff admits that that the appeal process was available to him at his institution." (Doc. No. 20, at 7.) The form contains a statement of law concerning exhaustion of administrative remedies and warns that the case may be dismissed "[i]f the court determines that an inmate failed to exhaust prior to filing suit." The form then asks two questions:

    A. Is there an inmate appeal or administrative remedy process available at your institution?

    B. Have you filed an appeal or grievance concerning ALL of the facts contained in this complaint?

(Doc. No. 1 at 2.) Plaintiff answered "yes" to the first question (*id.*), and defendants interpret this as proof that administrative remedies were available to him.[1] (Doc. No. 20, at 7.).

Since defendants believe they have established that plaintiff was aware of the administrative appeals process, they next seek to demonstrate that he failed to exhaust it. As they must, defendants again look to the face of plaintiff's complaint. Plaintiff attached to his

---

[1] Although not noted by defendants, plaintiff also answered "yes" to the second question, indicating that he had pursued his grievance "completely" through all three levels of review. (Doc. No. 1, at 2.)

2

complaint the CDCR's third-level response to his administrative grievance. (Doc. No. 1, at 18.) In it, CDCR cancelled plaintiff's grievance as untimely. (*Id.*) Defendants point to this document as definitive evidence that plaintiff failed to exhaust available administrative remedies. (Doc. No. 20, at 4, 7.) Notably, defendants omit mention of plaintiff's contrary allegation in the complaint that he pursued his grievance "completely" through all three levels of review.[2] (Doc. No. 1, at 2.)

"An inmate is required to exhaust only *available* remedies." *Albino*, 747 F.3d at 1171 (emphasis in original). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Id*. In plaintiff's opposition to defendants' motion to dismiss, he argues that "thirty days from the aggrieved incident," he "was injured and had head tr[a]uma injuries [due] to the assault upon his person" (Doc. 23, at 2.). This argument is supported by various allegations that appear in his complaint and its accompanying exhibits. (*See* Doc. No. 1, at 20 ("Officer Oros responded to cell 228 where she could see . . . Inmate McClane . . . lying face down on the cell floor in a pool of blood and unresponsive. Officer Oros then observed Inmate Lagarde raise his right leg and stomp on Inmate McClane on the right side of his head with his foot.").) At this stage of litigation, the court accepts these allegations as true. *Durning*, 815 F.2d at 1267. These allegations raise questions of whether administrative remedies were practically available to plaintiff, even though plaintiff acknowledges that such remedies were generally available at his institution.

Notwithstanding the questions asked on the form used by plaintiff or CDCR's third-level response plaintiff attached to his complaint, the availability of administrative remedies and plaintiff's exhaustion of them are factual issues that are generally better considered at the summary judgment stage. *See Albino*, 747 F.3d at 1170 (explaining that either party may file a

---

[2] Perhaps in response to this allegation, defense counsel asserts that "allegations in the complaint may be disregarded if contradicted by facts established by exhibits attached to the complaint," (Doc. No. 20, at 5), citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). However, *Durning* does not go this far. In *Durning*, the Ninth Circuit states, "If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." *Durning*, 815 F.2d at 1267 (citations omitted).

3

summary judgment motion addressing exhaustion and that, if a factual dispute exists, exhaustion may be decided following a hearing). Though defendants argue the face of the complaint demonstrates that an administrative grievance process was available and plaintiff failed to exhaust it, other allegations in the complaint support the contrary conclusion: that administrative remedies were unavailable to plaintiff because of his head trauma. Therefore, the court is not convinced that this is one of the "rare cases" in which it is apparent on the face of the complaint that a prisoner did not exhaust available administrative remedies, *Albino*, 747 F.3d at 1169, and the court will deny defendants' motion to dismiss.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (Doc. No. 20) be denied.

The undersigned submits the findings and recommendations to the U.S. district judge assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within FOURTEEN (14) days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Petitioner's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __August 8, 2018__         _____
                                   UNITED STATES MAGISTRATE JUDGE

4