UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MCCLANE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>G. CASAS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:17-cv-00928-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 30<br><br>ORDER GRANTING DEFENDANTS' MOTION TO VACATE THE PRESENT DISCOVERY AND SCHEDULING ORDER<br><br>ECF No. 38 |

　　　Plaintiff Matthew McClane is a state prisoner proceeding without counsel with this civil rights action under 42 U.S.C. § 1983. McClane alleges that defendants, who are employees of the California Department of Corrections and Rehabilitation ("CDCR"), violated his Eighth Amendment rights by failing to protect him from a violent cellmate. *See* ECF No. 9. On September 13, 2018, defendants moved for summary judgment, arguing that McClane failed to properly exhaust administrative remedies. *See* ECF No. 30. McClane filed an opposition on October 30, and the defendants filed a reply on November 2. *See* ECF Nos. 35 and 36.[1]

---

[1] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), plaintiff was provided with notice of the requirements for opposing a summary judgment motion via an attachment to defendant's motion for summary judgment. *See* ECF No. 30-1.

1

I recommend granting defendants' motion for summary judgment. McClane did not exhaust all available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). McClane did not obtain a decision on the merits at all three levels of administrative review because he filed an untimely initial complaint.

## I. Undisputed Facts

In January 2016, McClane asked defendants to move cells because he was having difficulties with his cellmate. *See* ECF No. 9 at 14; *see also* ECF No. 30-2 at 2. The defendants did not accommodate McClane's request. ECF No. 9 at 14-26; ECF No. 30-2 at 2. On January 27, 2016, McClane's cellmate attacked and injured him. ECF No. 9 at 5; ECF No. 30-2 at 2.

The CDCR administrative appeals system has three levels. McClane submitted an initial administrative grievance on March 21, 2016. ECF No. 9 at 5. He received a first-level administrative response on April 22 and a second-level response on July 26, 2016. *See id.* at 8 and 10. The first- and second-level responses considered the merits of McClane's grievance. *Id.*

McClane received a third-level response on February 22, 2017. This response did not consider the merits of the grievance, but instead informed McClane that he had not filed his grievance "within the prescribed time constraints" of the administrative process and, thus, his appeal would be canceled. *Id.* at 13. The response concluded by informing McClane that "a separate appeal can be filed on the cancellation decision." *Id.* McClane did not appeal this cancellation decision. *See, e.g.*, ECF No. 35 at 10. Instead, he proceeded to federal court.

## II. Standard of Review

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable trier of fact could find in favor of either party at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The disputed fact is material if it "might affect the outcome of the suit under the governing law." *See id.* at 248.

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, *Anderson*, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

In making a summary judgment determination, a court "may not engage in credibility determinations or the weighing of evidence," *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted), and it must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

### III. Analysis

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under the PLRA "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Here, California law required that McClane file his grievance within thirty days of the alleged events. *See* Cal. Code Regs. tit. 15, § 3084.8(b)(1)(2). The relevant events—the denial of McClane's request for different housing and the attack—took place in January of 2016. McClane's initial grievance, submitted on March 21, 2016, was thus untimely.

While the issue isn't raised in the briefs, McClane's case is complicated by the fact that his grievance received two initial responses on the merits before it was canceled on procedural grounds. Under some circumstances, a prison's failure to invoke a procedural bar can result in an inmate satisfying the exhaustion requirement, even if that inmate's original complaint was procedurally flawed. *See Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016) ("When prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the

merits, the purposes of the PLRA exhaustion requirement have been fully served."); *see also Hill v. Curcione*, 657 F.3d 116, 125 (2d Cir. 2011) ("[T]he exhaustion requirement of the PLRA is satisfied by an untimely filing of a grievance if it is accepted and decided on the merits by the appropriate prison authority.").

Here, the prison did *eventually* raise the procedural defect, giving McClane an opportunity to contest it. Ideally, a threshold procedural defect should not be discovered only at the last step of a long process. Indeed, under some circumstances, an administrative scheme that decides complaints on the merits, only to discover fatal procedural issues at the eleventh hour, might be "so opaque" as to be "practically speaking, incapable of use" by the ordinary prisoner. *Ross v. Blake*, 136 S. Ct. 1850, 1853-54 (2016). But I do not believe such circumstances present themselves in this case.

The Ninth Circuit Court of Appeals has suggested in an unpublished memorandum opinion that *Reyes*, cited above, does not extend to cases in which prison officials fail to enforce a procedural rule only initially. *See Wilson v. Zubiate*, 718 F. App'x 479, 481 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1567, 200 L. Ed. 2d 758 (2018). Other judges in this circuit have similarly found that inmates fail to exhaust administrative remedies when they fail to contest a procedural cancellation at the third and final administrative step. *See Hunter v. Sorheim*, No. 2:15-CV-9253, 2018 WL 1475034, at *1 (C.D. Cal. Feb. 27, 2018); *Vaughn v. Hood*, No. 2:14-CV-2235, 2015 WL 5020691, at *8 (E.D. Cal. Aug. 21, 2015).

These results accord with a key teaching of *Reyes*: a prisoner has exhausted available remedies "if prison officials ignore the procedural problem and render a decision on the merits of the grievance *at each available step* of the administrative process." *Reyes*, 810 F.3d at 658 (emphasis added). When CDCR issues a merits decision at only *some* steps of the administrative process, and ultimately reaches a decision on procedural grounds, the initial merits decision is not final and the administrative record is only partially developed for federal court. This logic accords with the plain text of the PLRA, which requires—without exception—that a prisoner exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a).

Contesting the procedural cancellation of his appeal was a remedy "available" to McClane. Because McClane did not contest the cancellation or receive a decision on the merits at every step, he failed to satisfy the exhaustion requirement. *See also Cortinas v. Portillo*, 754 F. App'x 525, 527 (9th Cir. 2018) ("Because Cortinas could have appealed his cancellation decision . . . the improper cancellation of his appeal did not render administrative remedies effectively unavailable to him.").

In his response to defendants' motion, McClane offers two other reasons why he either satisfied or should be excused from the exhaustion requirements. First, he contends that the option to file a timely grievance was, on account of his injuries, "effectively unavailable." *See Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010). Second, McClane argues that the threats to his safety were "ongoing" and, thus, he was entitled to an exception to the 30-day deadline. *See* Cal. Code Regs. tit. 15, § 3084.6(c)(4). But these are still arguments that McClane was required to pursue in the administrative process. California law requires that, "[i]f an appeal is cancelled at the third level of review, any appeal of the third level cancellation decision shall be made directly to the third level Appeals Chief." Cal. Code Regs. tit. 15, § 3084.6(e). The Supreme Court has made clear that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance," and further noted that "[t]he prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Woodford*, 548 U.S. at 95. Allowing McClane to proceed straight to federal court after a single procedural cancellation would produce the outcome that the Supreme Court explicitly warned of in *Woodford*. *See id*. at 95 ("[A] prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court . . . . We are confident that the PLRA did not create such a toothless scheme."); *see also Davenport v. Gomez*, No. 2:16-CV-1739, 2019 WL 636844, at *6 (E.D. Cal. Feb. 14, 2019) (noting that arguments similar to McClane's "do not demonstrate that the appeals process was unavailable" because "plaintiff was able to appeal the cancellation"). McClane's

additional arguments attempt to explain why the initial cancellation decision was improper, but they cannot excuse his failure to appeal the cancellation decision using the proper administrative channels.[2]

## IV. Findings and Recommendations

For the foregoing reasons, I recommend that:

1. The court grant in defendant's motion for summary judgment, ECF No. 30.

2. The court dismiss the case without prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

## V. Order

Defendants request to vacate the discovery and scheduling order, ECF No. 38, is granted. A new discovery and scheduling order will be produced if necessary.

---

[2] While I need not reach the substance of McClane's two arguments to resolve the exhaustion issue, I note that McClane's allegations and evidence, with inferences drawn in his favor, would still be insufficient to create a genuine and material dispute. McClane's medical submission, dated February 1, 2016, confirms the seriousness of his injuries. Serious injury can excuse an untimely filing, *see Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009), but McClane's February 1 medical form is insufficient to create a genuine and material dispute regarding the timeliness of McClane's March 21 complaint. Nor has McClane offered any evidence that threats to his safety were "ongoing" such that he would be entitled to an exception to the 30-day filing deadline. *See* Cal. Code Regs. tit. 15, § 3084.6(c)(4). The record evidence suggests that McClane's complaint concerned only a small number of discrete events: his requests to move and the attack on January 27, 2016. No evidence suggests that McClane was housed with the same inmate after this date, and McClane does not contend otherwise.

IT IS SO ORDERED.

Dated: September 5, 2019

                                                                   UNITED STATES MAGISTRATE JUDGE

No. 205